**Janice L. Pierce DANIELS,**
**Plaintiff–Appellant,**

v.

**AMERICAN POSTAL WORKERS UNION, CHICAGO LOCAL, et al., Defendants–Appellees.**

**No. 01–4077.**

United States Court of Appeals, Seventh Circuit.

Argued June 11, 2002.

Decided June 26, 2002.

Before COFFEY, RIPPLE, and KANNE, Circuit Judges.

**ORDER**

Janice L. Pierce Daniels sued her union and various union officials for breach of its duty of fair representation, 39 U.S.C. § 1208, and for violation of Title VII, 42 U.S.C. § 2000e *et seq.* The district court dismissed both claims after concluding that they were barred by the applicable statutes of limitations, and later denied Ms. Daniels' motion for reconsideration. On appeal Ms. Daniels challenges only the

dismissal of her claim for breach of a duty of fair representation. We affirm.

Ms. Daniels has worked for the United States Postal Service in various positions since 1977. In 1981 she was reassigned from her position as a LSM/ZMT, Operator to a Distribution Clerk in order to accommodate her migraine headaches and an injured right shoulder. Later in 1981, she used her secretarial skills to bid for and receive a position as a Clerk Steno (presumably short for stenographer). In 1994 the position of Clerk Steno was eliminated and Ms. Daniels was reassigned to another Distribution–Clerk position. Believing that the Clerk–Steno position was eliminated for unspecified discriminatory reasons based on race, gender, disabilities, and in retaliation for her filing of previous grievances, she filed a grievance around March or April 1994 with the American Postal Workers Union. Chicago Local (APWU).

Ms. Daniels alleges that APWU has repeatedly failed to process and arbitrate her grievances. She focuses in particular on APWU's failure to arbitrate the grievances she filed after the postal service eliminated the Clerk–Steno position in 1994. She believes that APWU's failure to arbitrate her claims against the Postal Service constituted a breach of its duty of fair representation. She also notes that she had filed five complaints against APWU with the National Labor Relations Board (NLRB) for not providing fair representation between 1987 and 2000. On December 1, 2000, Ms. Daniels filed a charge of discrimination with the EEOC alleging that (1) the Postal Service had discriminated against her on numerous occasions since 1984 based on her race, gender, disabilities, and in retaliation for filing grievances, and (2) APWU has ignored her grievances since 1994 and misled her into believing that her claims would be arbitrated. In her EEOC charge (and later in her complaint), she explains that she learned that APWU was not processing or arbitrating her grievances only after receiving a letter sent to her on March 12, 2000, by APWU Local President, Herby Weathers, Jr. On December 14 Ms. Daniels received a letter from the EEOC dismissing her charge and notifying her of her right to sue.

On March 13, 2001, she filed a complaint in district court against APWU and the following union officials: Mr. Weathers, Samuel Anderson, St. Clair Darby, and John Hall. In the complaint, she alleges that the APWU breached its duty of fair representation and violated Title VII by not arbitrating what she believed to be meritorious discrimination claims against the Postal Service. She also alleged that Mr. Darby gave false testimony to the NLRB in 1998, and that Mr. Anderson and Mr. Hall, as early as 1994, misled her into believing that APWU was processing her grievances.

The defendants moved to dismiss the complaint on a variety of grounds including that the claims were barred by the six-month statute of limitations for fair-representation claims and the 300–day statute of limitations for Title VII claims. The district court granted the motion, concluding that the complaint and attached documents indicate that the complained-of events occurred outside the respective statutes of limitations.

On appeal Ms. Daniels argues that the district court erred in dismissing her fair-representation claim as barred by the statute of limitations. This court reviews such dismissals de novo, taking factual allegations in the complaint as true and construing them in favor of the plaintiff. *Hickey v. O'Bannon,* 287 F.3d 656, 657 (7th Cir. 2002). While this court construes pro se complaints liberally, a plaintiff can plead

herself out of court by alleging facts that undermine her claims. *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir.1999).

A union owes its members a duty of fair representation, which it breaches when it represents members in an arbitrary or discriminatory manner or in bad faith. *DelCostello v. Teamsters,* 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *McLeod v. Arrow Marine Transp., Inc.,* 258 F.3d 608, 612–13 (7th Cir.2001). Claims against unions for breach of this duty are subject to a six-month statute-of-limitations period. *DelCostello,* 462 U.S. at 154–55 (applicable statute of limitations is six-month period borrowed from National Labor Relations Act); *Chapple v. Nat. Starch & Chem. Co.,* 178 F.3d 501, 505 (7th Cir.1999); *Johnson v. Graphic Comm. Int'l Union,* 930 F.2d 1178, 1183 (7th Cir. 1991). The six-month limitations period fosters the prompt resolution of labor disputes. *See Johnson,* 930 F.2d at 1182. The period begins to run when the union makes a final decision on the plaintiff's grievance or from the time the plaintiff discovers, or reasonably should have discovered, that no further action would be taken on her grievance. *Chapple,* 178 F.3d at 505; *Christiansen v. APV Crepaco, Inc.,* 178 F.3d 910, 914 (7th Cir.1999).

At issue, then, is the date when Ms. Daniels first learned that APWU was not arbitrating her grievances. As early as 1995, Ms. Daniels filed a complaint with the NLRB against APWU for failing to provide fair representation in regard to her grievances. She then filed subsequent complaints in 1998, 1999, and 2000. Because she filed these complaints, it seems likely that she was aware at these times that APWU was not arbitrating her grievances. Even giving Ms. Daniels the benefit of the doubt that she was not aware at these times that the union was not processing her grievances, she alleges that she did become aware of this fact after receiving a letter from Mr. Weathers on March 12, 2000. Moreover, this allegation is corroborated in her EEOC charge, in which she also asserted, "I found out on March 12, 2000 my case was never processed." But she did not file her complaint until just over a year later (March 13, 2001)–well beyond the six-month period. *See Chapple* 178 F.3d at 505.

Ms. Daniels does not challenge this conclusion on appeal; instead, she argues that, given the facts of her case, this court should hold the statute of limitations either inapplicable or equitably tolled. Ms. Daniels contends that, as early as 1994, APWU (specifically, Mr. Hall and Mr. Anderson) misled her into believing that her grievances were still pending, and argues that it would therefore be unfair to apply the statute of limitations. While Ms. Daniels' brief refers to the doctrine of equitable tolling, she presumably means the doctrine of equitable estoppel–equitable estoppel applies when conduct by the defendant caused a delay in filing; equitable tolling applies when neither party was responsible for the delay. *See Frazier v. Delco Electronics Corp.,* 263 F.3d 663, 666 (7th Cir. 2001); *Chapple,* 178 F.3d at 506. Under the doctrine of equitable estoppel, the statute of limitations is tolled if the defendant concealed vital information or made false or misleading representations, and this fraudulent conduct caused the plaintiff to miss the limitations period. *Frazier,* 263 F.3d at 666; *Chapple,* 178 F.3d at 507. By her own admission, however, Daniels knew at the latest by March 12, 2000, that her grievances were not going forward. Even if the union had misled her up until that time, she was on notice as of March 12 that her grievances were not going forward, yet she did not file suit until March 13, 2001, more than a year later. Moreover, she does not allege any other misleading conduct by the union between that

date and the filing of her suit that would excuse the delay. *See Chapple*, 178 F.3d at 507. Nor does she allege any other circumstances that might excuse the delay under the doctrine of equitable tolling. *See id.* at 505–06 (statute of limitations may be equitably tolled if despite due diligence the plaintiff could not obtain vital information).

Accordingly, the district court's judgment is AFFIRMED.